### ABBY C. COBB, Administratrix *vs.* LEMUEL ARNOLD

In a suit on a promissory note, fairly and intelligently given, by way of compromise o a claim on the maker for rent of land occupied by him, he cannot defend by giving evidence that he was in peaceable and adverse possession of the land more than twenty years next before the giving of the note.

A promissory note was given on a compromise of a claim against the maker for rent, and was delivered to the payee's agent, to be valid if the payee would accept it in full satisfaction of his claims, and would discharge the maker therefrom : The note was accepted by the payee, and a discharge given by him, which the agent took for the maker, but which was destroyed by fire while in his possession : The agent gave nc notice to the maker that the payee had accepted it and had given a discharge ; nor did the maker inquire of the agent respecting it. *Held,* that a suit might be main tained on the note, without previous demand of payment, or notice to the maker that it had been accepted in discharge of the payee's claim for rent.

ASSUMPSIT on a promissory note given by the defendant to the plaintiff, dated February 20th 1841. At the trial in the court of common pleas, before *Williams,* C. J. the plaintiff called C. J. Holmes, the attesting witness to the note, who tes tified that it was signed, in his presence, by the defendant ; that before the note was given, the plaintiff left in his hands, for col- lection, a demand against the defendant for rent of certain real estate ; that this demand was for a larger sum than the amount of the note ; that the defendant, on being called upon for pay- ment of said demand, denied his liability ; but after conversa- tion and negotiation on the subject, and on his being informed that a suit would be commenced if the demand were not settled, he proposed to give this note, if the plaintiff would accept it in satisfaction of her said demand, and would discharge him there- from ; that the witness thereupon received said note, with au- thority to deliver it to the plaintiff, and to receive from her, if she would accept the note, her receipt for the defendant, in full discharge of said demand ; that the witness accordingly deliv-

ered said note to the plaintiff, and received from her, for the defendant, her receipt and discharge in full, which was afterwards destroyed by the loss of the office of the witness by fire ; that the witness did not recollect that he ever offered said receipt to the defendant, or ever informed him that the plaintiff had accepted his proposition, or that the defendant had ever made any inquiries on the subject.

The court instructed the jury, " that if the facts stated by the witness were proved, the plaintiff was entitled to a verdict."

The defendant offered to prove that he had, for more than twenty years next before giving said note, been in the quiet, peaceable and adverse possession of the land, for the rent of which the plaintiff made her said demand, so settled by the said note, claiming title, and denying that he was tenant of the plaintiff's intestate. But the court rejected the evidence.

A verdict was returned for the plaintiff, and the defendant alleged exceptions to the ruling and instruction of the court.

*Coffin & Pratt,* for the defendant. An action on the note cannot be maintained, if at all, until after notice given to the defendant that the plaintiff had accepted it in full discharge of her claim, and after a demand subsequent to such notice.

The defendant has the same ground of defence against the note as he would have against a suit for use and occupation, this case being one in which there is an exception to the rule that a tenant cannot dispute the landlord's title. *Pickett* v. *Breckenridge,* 22 Pick. 297. *Doe* v. *Powell,* 1 Adolph. & Ellis, 531. *Rogers* v. *Pitcher,* 6 Taunt. 202, and 1 Marsh. 541. *Doe* v. *Francis,* 2 M. & Rob. 57. *Brook* v. *Biggs,* 2 Bing. N. R. 572, and 2 Scott, 803. *Doe* v. *Barton,* 11 Adolph. & Ellis, 307. *Phillips* v. *Pearce,* 5 Barn. & Cres 433. *Rankin* v. *Tenbrook,* 5 Watts, 387.

*Holmes,* for the plaintiff, relied on the authorities cited by him in the next preceding case.

Hubbard, J.* We think the evidence offered by the defendant, to prove that he was in the peaceable and adverse pos-

---

* *Wilde,* J. did not sit in this case

session of the estate, for the rent of which the note declared on was given, by way of compromise, was rightly rejected. Prior to giving the note, the plaintiff claimed of the defendant the rent of the premises in his possession. He resisted the claim, and the matter was the subject of negotiation between the parties, and was ended by giving the note.

It is not averred that there was any misrepresentation, or false statement of facts, or that the defendant was ignorant of the nature of his rights. It being a compromise fairly made of a claim in dispute between them, we think such compromise was a good consideration for the note, and the same cannot now be defeated by attempting to set up the original defence to the whole claim. If it were not so, all compromises would be unavailing, and these settlements by way of mutual concession would be defeated. See *Barlow* v. *Ocean Ins. Co.* 4 Met. 270.

It was also alleged, by way of defence to the suit, that no demand had been made upon the defendant prior to the commencement of this action, and that he had no knowledge that the note had been accepted and the claim discharged. The law is very clear, that where some duty only remains to be done, there no proof of a previous demand is necessary, to enable the party to maintain his action. And this applies with full force to notes of hand, whether payable on demand or after a day certain. See *Wait* v. *Gibbs,* 7 Pick. 146, and *Hunt* v. *Nevers,* 15 Pick. 500, and authorities there cited.

In regard to the allegation that the defendant had no knowledge of the acceptance of the note and the discharge of the claim, we are of opinion that the plaintiff had done all that was required on her part, by receiving the note and executing the discharge, and delivering it to Mr. Holmes. A delivery to him, under the circumstances of the case, was equivalent to a delivery to the defendant. And though the paper, by reason of an unforeseen casualty, did not reach the defendant's hands, yet this furnishes no ground of defence. The discharge was perfected by the delivery to the agent.

*Exceptions overruled*